1  JOHN E. PEER – State Bar No. 95978
   GREGORY B. SCHER - State Bar No. 137228
2  **WOOLLS & PEER**
   A Professional Corporation
3  One Wilshire Boulevard, 22nd Floor
   Los Angeles, California 90017
4  Telephone:    (213) 629-1600
   Facsimile:     (213) 629-1660
5  jpeer@woollspeer.com
   gscher@woollspeer.com
6
   Attorneys for Plaintiff
7  CENTURY SURETY COMPANY



## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation,<br><br>        Plaintiff,<br>v.<br><br>NEW BEGINNINGS FOR WOMEN, INC., a California corporation,<br><br>        Defendants. | Case No.: **08 CV 691 WQH POR**<br><br>**COMPLAINT FOR:**<br><br>1. **RESCISSION**<br>2. **DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

**ORIGINAL**

Century Surety Company alleges:

### THE PARTIES

1.  Century Surety Company ("Century Surety") is an Ohio corporation with its principal place of business in Columbus, Ohio. Century Surety is and at all relevant times was an insurance company doing business and issuing insurance policies in California, including the insurance policies at issue in this case.

2.  Century Surety is informed and believes, and thereon alleges, that New Beginnings for Woman, Inc. dba La Costa Retreat ("New Beginnings") is a California corporation with its principal place of business in San Diego, California.

///

///

3. Century Surety issued a commercial general liability and property coverage policy, policy number CCP-291728 to New Beginnings, effective November 8, 2004 to November 8, 2005.

4. Century Surety issued a commercial general liability and property coverage policy, policy number CCP-391901 to New Beginnings, effective November 8, 2005 to November 8, 2006.

5. Century Surety issued a commercial general liability policy, policy number CCP-419248, effective November 8, 2006. The policy was cancelled effective February 26, 2007.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. Section 1332, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. Section 1391, since three policies of insurance issued to New Beginnings were issued in this District, and New Beginnings resides in this district and is subject to personal jurisdiction here.

## GENERAL ALLEGATIONS

8. The policies issued to New Beginnings provided general liability coverage for the period November 8, 2004 until the cancellation date of February 26, 2007. The first two policies (CCP-291728 and CCP-391901) also provided property coverage. ("Policies") (Copies of these three policies are attached hereto collectively as Exhibit "A").

9. When applying for insurance with Century Surety, New Beginnings affirmatively represented to Century Surety that it was a "bed and breakfast" inn, was not a medical facility, did not employ medical professionals and did not provide medical services. ("Applications") (Copies of the applications New Beginnings provided to Century Surety are attached hereto collectively as Exhibit "B").

///

10. Century Surety is informed and believes, and thereon alleges, that those representations New Beginnings made on the insurance Applications were false, and that New Beginnings operated a recovery facility for individuals who had recently undergone surgery.

11. Century Surety is informed and believes that New Beginnings employed Paula Turk, a R.N., who provided care to the guests.

12. Century Surety relied on the truthfulness of New Beginnings representations on the Applications when issuing each of the Policies.

13. Had Century Surety been aware of the false information provided by New Beginnings on the Applications, it would not have issued the Policies, or would have issued each of the Policies under materially different terms.

14. Upon discovery of the misrepresentations, Century Surety mailed a notice of cancellation to New Beginnings on January 22, 2007, effective February 26, 2007.

15. Century Surety is informed and believes that on or about February 22, 2007, after notice of cancellation had been mailed but before such cancellation was effective, Anita Weinberg entered New Beginnings as a "guest" after undergoing surgery on February 21, 2007.

16. Century Surety is informed and believes Anita Weinberg remained at New Beginnings from February 21, 2007 until February 25, 2007.

17. On or about February 20 2008, Anita Weinberg and her husband Michael Weinberg filed a lawsuit against New Beginnings and others ("Underlying Action"). The Complaint in the Underlying Action alleges that Anita Weinberg stayed at New Beginnings following surgery and while a resident at New Beginnings, she received negligent and careless observation, medical treatment and care. (A copy of the Complaint in the Underlying Action is attached hereto as Exhibit "C").

///

///

18. On or about March 7, 2008, New Beginnings tendered the Underlying Action to Century Surety requesting a defense and indemnity for New Beginnings. Century Surety agreed to defend New Beginnings under a reservation of rights.

19. Century Surety believes that rescission of its Policies is proper based on the misrepresentations in the Policies.

20. Century Surety has notified New Beginnings of the rescission and returned all of the premiums that were not previously returned with Notice of Cancellation.

## FIRST CAUSE OF ACTION

(Rescission)

21. Century Surety incorporates by reference each and every allegation contained in paragraphs 1 through 20 as though fully set forth herein.

22. An actual controversy has arisen between Century Surety and New Beginnings regarding the enforcement of the Policies.

23. Century Surety believes that New Beginnings violated California Insurance Code sections, including 330, 331, 332, 333, 338 and 358, due to New Beginnings' failure to properly disclose the true nature of its business to Century Surety when applying for insurance.

24. Century Surety is therefore entitled to rescission of the Policies pursuant to California Civil Code sections 1688, 1691 and 1692.

25. On or about April 15, 2008, Century Surety sent a letter to New Beginnings, giving notice of rescission and refunding the outstanding premiums paid on all three policies of $5,809.21.

## SECOND CAUSE OF ACTION

(Declaratory Relief)

26. Century Surety incorporates by reference each and every allegation contained in paragraphs 1 through 26 as though fully set forth herein.

/ / /

27. Because of New Beginnings' misrepresentations on the Application, Century Surety has no obligation to defend or indemnify New Beginnings against the claims asserted in the Underlying Action. (In seeking this relief Century does not intend to waive any other rights it may have under its Policies with respect to coverage or potential coverage for the claims raised by the Underlying Action).

28. Century Surety contends that it is entitled to recover from New Beginnings all sums Century Surety has paid, and will in the future pay, to defend and indemnify New Beginnings against the claims asserted in the Underlying Action.

## PRAYER

Wherefore, Century Surety requests judgment as follows:

### ON THE FIRST CAUSE OF ACTION

1. For a judicial declaration confirming that the Policies are extinguished *ab initio* by their rescission and that Century Surety's has no duty to defend or indemnify New Beginnings in the Underlying Action.

2. For an order that New Beginnings return any and all benefits conferred by Century Surety under the Century Surety Policies, including all sums Century Surety has or will pay to defend and indemnify New Beginnings against the claims asserted in the Underlying Action.

### ON THE SECOND CAUSE OF ACTION

3. For a declaration that New Beginnings misrepresentations on the Applications provide a proper basis for Century Surety to decline New Beginnings' request for a defense and indemnity against the claims asserted in the Underlying Action.

///
///
///
///

PRINTED ON RECYCLED PAPER

5

COMPLAINT

143462.1

## ON ALL CAUSES OF ACTION

4. For costs of suit; and

5. Such other and further relief as the Court deems just and proper.

DATED: April 15, 2008

WOOLLS & PEER
A Professional Corporation

*Greg Ace* (signature)
GREGORY B. SCHER
Attorneys for Plaintiff
CENTURY SURETY COMPANY

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial as provided by Fed. Rule of Civ. Proc. 38(a) and (b).

DATED: April 15, 2008

WOOLLS & PEER
A Professional Corporation

_____
GREGORY B. SCHER
Attorneys for Plaintiff
CENTURY SURETY COMPANY