**CHRISTOPHER J. BRIGGS, ATTORNEY AT LAW**
CHRISTOPHER J. BRIGGS, SB #205000
10601 Tierrasanta Blvd., Suite 213
San Diego, CA  92124
(619)665-9402/(619)245-2464
chris@briggslawyer.com

Attorney for Defendant
NEW BEGINNINGS FOR WOMEN, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NEW BEGINNINGS FOR WOMEN, INC., a California corporation,<br><br>　　　　　　　Defendants. | CV NO. 08cv691 WQH (POR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY  DEFENDANT, NEW BEGINNINGS FOR WOMEN, INC.**<br><br>**FED. R. CIV. PROC. 12(b)(7)**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Date:　　　　July 7, 2008<br>Time:　　　　11:00 a.m.<br>Courtroom:　　4<br>Judge:　　　　Hon. William Q. Hayes |

## I.　　INTRODUCTION

Defendant, New Beginnings for Women, Inc. ("New Beginnings") submits this Memorandum of Points and Authorities in support of its Motion to Dismiss.  The basis of said Motion is that Plaintiff, Century Surety Company ("Century Surety"), has failed to join a party to this action.

## II. ARGUMENT

Federal Rule of Civil Procedure 12(b)(7) allows a defendant to file a Motion to Dismiss for a Plaintiff's failure to join a party whose presence is needed for just adjudication under Federal Rule of Civil Procedure 19. In this action, Century Surety has failed to join Ken Scheiler and Scheiler Insurance Group.

### A. The Joinder of Ken Scheiler and/or Scheiler Insurance Group Is Needed for Just Adjudication.

Ken Scheiler and/or Scheilder Insurance Group sold and/or purported to sell to New Beginnings a comprehensive general liability policy (policy number CCP 419248 for 11/08/06 – 11/08/07). *See* the Declaration of John Turk (the President of New Beginnings) at ¶¶ 1, 2 and 7. Upon information and belief, Ken Scheiler and/or Scheiler Insurance Group were acting as the agent(s) for Century Surety vis a vis the purchase and sale of the aforementioned comprehensive general liability policy. *Id.* at ¶ 2.

Century Surety's Complaint contains allegations that are contrary to the actual circumstances confronted by its insured, New Beginnings. Century Surety produced a declaration page for the aforementioned comprehensive general liability policy (as part of Exhibit A to Plaintiff's Complaint), which claimed that New Beginnings only had a general aggregate limit of insurance of one million dollars ($1,000,000). The representation to New Beginnings that was relayed by Ken Scheiler was that the coverage limit was two million dollars ($2,000,000). *See* Turk Declaration at ¶ 6.

Century Surety alleges that it cancelled the aforementioned policy with an effective date of cancellation of February 26, 2007. *See* ¶ 14 of Plaintiff's Complaint. Century Surety also claims to have attempted to refund all the premiums paid by New Beginnings. *Id.* at ¶ 25. In actuality, Century Surety's understanding of the premiums paid and attempted refunds of same is grossly mistaken. For the aforementioned comprehensive general liability policy, Century Surety has produced documentation (as part of Exhibit A to Plaintiff's Complaint) wherein the premium is alleged to have been seven hundred sixty-five dollars ($765.00) with applicable taxes and fees raising that amount to a sum total of nine hundred sixty-nine dollars and eighty five cents

($969.85). In actuality, New Beginnings paid to Century Surety (by and through Ken Scheiler and/or Scheiler Insurance Group) one thousand nine hundred sixty-nine dollars and eighty five cents ($1,969.85) for the aforementioned comprehensive general liability policy. *See* ¶¶ 4-5 of the Declaration of John Turk.

In Paragraph 25 of Plaintiff's Complaint, Century Surety incorrectly described its efforts to "refund" premiums to New Beginnings.[1] [As discussed *supra*, Century Surety was already understating the amount of premiums paid by New Beginnings for its insurance coverage.] The dubious efforts of Century Surety to totally "refund" the money paid for all policy premiums was also at odds with an alleged prior refund of a partial premium to New Beginnings. By way of correspondence from Century Surety's counsel dated 4/15/08 (attached as Exhibit C to the Declaration of John Turk), Century Surety incorrectly claimed to have previously returned five hundred fifty-one dollars and ninety-nine cents ($551.99). In actuality, no such partial refund ever occurred. *See* ¶ 5 of the Declaration of John Turk.

The purported "application" documents provided by Century Surety (as Exhibit B to Plaintiff's Complaint) cannot be given credence. Said documents include forgeries and/or documents that have otherwise been improperly withheld and/or misrepresented to New Beginnings. Id at ¶ 10. It is unknown whether Ken Scheiler and/or others from (and/or otherwise acting on behalf of) Century Surety Company forged or attempted to forge the signature of John Turk (President of New Beginnings). *Id.* at ¶ 11.

As the foregoing paragraphs make clear, the importance of the roles of Ken Scheiler and/or Scheiler Insurance Group (presumed agents of Century Surety) cannot be understated. Indeed, many of the "facts" alleged by Century Surety are at direct odds with the actions of (and documents presumably generated by) Mr. Scheiler and/or Scheiler Insurance Group. Otherwise said, Century Surety is attempting to blame New Beginnings for things that New Beginnings never

---

[1] Disturbingly, the "refund" effort was attempted by way of an April 15, 2008 letter that was mailed directly by counsel for Century Surety to New Beginnings. A copy of said letter has been attached as Exhibit C to the supporting Declaration of John Turk. This correspondence (with enclosed check) was mailed directly to persons known to be represented by counsel. Moreover, said counsel had already expressly advised in writing that such direct contact was impermissible. *See* the Declaration of Christopher J. Briggs at ¶¶ 2 – 5.

did.  Quite possibly, Mr. Scheiler and/or Scheiler Insurance Group and/or others at Century Surety have perpetrated one or more forms of wrongdoing at the expense of New Beginnings.

If this action is allowed to proceed without the joinder of Ken Scheiler and/or Scheiler Insurance Group, New Beginnings will be subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations.  Such a result is contrary to Federal Rule of Civil Procedure 19(a).  Quite possibly, Ken Scheiler and/or Scheiler Insurance Group have committed tortious wrongs at the expense of New Beginnings and/or others whose interests may be materially affected by the action before This Honorable Court.  If, in this action,  New Beginnings is somehow found to have committed some type of wrong against Century Surety, such a result and finding could, and likely would, be contrary to other yet-to-be-determined findings on liability (*e.g.* liability of Ken Scheiler)  and/or issues pertaining to and/or otherwise arising from the precise same set of circumstances.  If this action is allowed to proceed without Ken Scheiler and/or Scheiler Insurance Group as parties to same, New Beginnings will be unfairly and materially prejudiced.  Simply stated, effective relief cannot be granted without Ken Scheiler and/or Scheiler Insurance Group (and possibly others) participating as parties to this civil action.

**B.     If the Joinder of Ken Scheiler and/or Scheiler Insurance Group Is Not Feasible, This Action Cannot Proceed in Equity and Good Conscience.**

New Beginnings is presently without information sufficient to form a belief as to whether Ken Scheiler and/or Scheiler Insurance Group are (and/or can properly be deemed to be) citizens of states other than California for the purposes of a Federal jurisdictional analysis.  Possibly, Century Surety's true causes of action may lie against Ken Scheiler and/or Scheiler Insurance Group.  If so, Century Surety could not share citizenship in the same state(s) as Ken Scheiler and/or Scheiler Insurance Group without destroying Federal jurisdiction based on diversity of citizenship.  *See* 28 U.S.C. §1332.  Perhaps, Century Surety has overlooked the role of Ken Scheiler and/or Scheiler Insurance Group because it does not wish to acknowledge the acts of its own agent/ostensible agent and/or because Century Surety is forum shopping.

The state courts of California clearly provide an adequate alternative forum to protect the interests of all parties (and those who have not been made parties).  The most sensible result is for

this action to be dismissed, so that appropriate litigation can be pursued in the California's state court system.

### III.   CONCLUSION

For the foregoing reasons, Defendant, New Beginnings for Women, Inc. respectfully requests that This Honorable Court grant its Motion.  In so doing, this action should be dismissed without prejudice to the parties to seek appropriate relief in state court.  In the alternative, This Honorable Court should grant leave for discovery (to be conducted regarding the roles of Ken Scheiler and/or Scheiler Insurance Group) prior to ruling on the pending FRCP 12(b)(7) motion.  Such discovery will allow the parties to learn facts and discover evidence that are material on important issues such as the agency and/or employment status of Ken Scheiler vis a vis Plaintiff, Century Surety Company.  Additionally, such discovery will allow Defendant, New Beginnings for Women, Inc. (and possibly Plaintiff, Century Surety Company) to ascertain whether causes of action against Ken Scheiler and/or Scheiler Insurance Group exist and should be pursued.

Respectfully submitted,

DATED:  05/16/08                                                     _s/ Christopher J. Briggs____

**CHRISTOPHER J. BRIGGS**
Attorney for Defendant,
NEW BEGINNINGS FOR WOMEN, INC.