**CHRISTOPHER J. BRIGGS, ATTORNEY AT LAW**
CHRISTOPHER J. BRIGGS, SB #205000
10601 Tierrasanta Blvd., Suite 213
San Diego, CA 92124
(619)665-9402/(619)245-2464
chris@briggslawyer.com

Attorney for Defendant
NEW BEGINNINGS FOR WOMEN, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation<br><br>Plaintiff,<br><br>v.<br><br>NEW BEGINNINGS FOR WOMEN, INC., a California corporation,<br><br>Defendants. | CV NO. 08cv691 WQH (POR)<br><br>**DECLARATION OF CHRISTOPHER J. BRIGGS IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT, NEW BEGINNINGS FOR WOMEN, INC.**<br><br>**FED. R. CIV. PROC. 12(b)(7)**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Date:        July 7, 2008<br>Time:       11:00 a.m.<br>Courtroom: 4<br>Judge:      Hon. William Q. Hayes |

I, Christopher J. Briggs, hereby declare:

   1.   I am a member in good standing of the State Bar of California.

   2.   Via my written correspondence to Century Surety Company ("Century Surety") dated April 7, 2008, I specifically advised Century Surety that no direct communications were to be made by Century Surety to New Beginnings for Women, Inc. and/or John Turk and/or Paula Turk (whom I was and am representing for their continued interactions with Century Surety Company). A true and correct copy of my 4/7/08 letter is attached hereto as Exhibit A.

3. Since the time of my 4/7/08 letter to Century Surety, I never authorized nor approved of any direct communications by Century Surety with New Beginnings for Women, Inc., and/or Paula Turk and/or John Turk.

4. By way of correspondence dated April 15, 2008, counsel for Century Surety mailed correspondence directly to Mr. and Mrs. Turk that contained a check for five thousand eight hundred nine dollars and thirty cents ($5,809.30) payable to New Beginnings for Women, Inc. [Copies of the aforementioned 4/15/08 correspondence and the enclosed check have been attached as Exhibit C to the Declaration of John Turk, which has been filed simultaneously with this Declaration.]

5. Fortunately, I was not away on a business trip for another one of my cases when Century Surety's 4/15/08 correspondence arrived. Presumably, Century Surety would have attempted to mischaracterize any attempt by my clients to cash said check as a legally operative act. I took immediate action to prevent any such circumstances, which could give rise to such an improper and unfairly created mischaracterization.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I executed this declaration on May 16, 2008 at San Diego, California.

        s/ Christopher J. Briggs
    CHRISTOPHER J. BRIGGS

# EXHIBIT A

# CHRISTOPHER J. BRIGGS
## ATTORNEY AT LAW

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **TO:** Attn - Claims | **FROM:** Christopher J. Briggs |
| **COMPANY:** Century Surety | **DATE:** 4/07/2008 |
| **FAX NUMBER:** 614-895-7040 | **TOTAL NO. OF PAGES INCLUDING COVER:** 3 |
| **RE:** Weinberg v. New Beginnings, et al. | **YOUR REFERENCE NUMBER:** Claim No. 01054386 |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

**RE:** **Weinberg v. New Beginnings for Women, Inc., et al.**
San Diego Co. Superior Ct. No. 37-2008-00078351-CU-MM-CTL
Century Surety Policy No. CCP419248
Claim No. 01054386

# URGENT -  IMMEDIATE ACTION REQUIRED


EXHIBIT A   PAGE 1

# CHRISTOPHER J. BRIGGS
## ATTORNEY AT LAW

April 7, 2008

<u>Via Telefax: (614) 895-7040</u>
Century Surety Company
Attn - Claims Dept. (Commercial Lines)

     RE:    <u>Weinberg v. New Beginnings for Women, Inc., et al.</u>
             San Diego Co. Superior Ct. No. 37-2008-00078351-CU-MM-CTL
             Century Surety Policy No. CCP419248
             Claim No. 01054386

Dear Sir/Madam:

     As I advised in my 3/7/08 correspondence to you, I am assisting John and Paula Turk with the submission/tender (per the above-referenced commercial lines policy for their business, New Beginnings for Women, Inc. – d/b/a La Costa Cosmetic Retreat). Toward that end, I faxed you a copy of the Summons & Complaint – on MARCH 10, 2008. To date, your company has never spoken with me nor with the insured regarding this claim. Indeed, no one from your company has ever even requested to speak with me or the insured. We have not even received a letter or email confirming your company's receipt of the claim. Absurdly, I did receive a voicemail from a coverage attorney at your company on 3/26/08, wherein I was advised (without any reason provided whatsoever) that Century Surety would likely be refusing the insured's claim under the policy.

     This blatant disregard by Century Surety of its fiduciary duties to its insured has occurred notwithstanding that: (1) I called to report the claim within approximately 48 hours of service of the Summons & Complaint; (2) the aforementioned lawsuit concerns an occurrence that occurred at the insured premises within the effective policy dates; and (3) a general negligence claim has been brought against the insured business.[1] More importantly, the only communications efforts that have occurred thus far have been initiated by me. For example, I also left a voicemail on 3/25/08 advising that the mandatory date for filing a responsive pleading to the complaint was rapidly approaching. In my 3/25/08 voicemail, I also advised of my growing concern arising from the fact that neither I nor the insured had heard anything from Century Surety. In response to this voicemail, I received the aforementioned return voicemail on 3/26/08 from Century

---

[1] Paula Turk and the insured's d/b/a (LaCosta Cosmetic Retreat) have also been named as defendants. All of Ms. Turk's actions were performed within the course and scope of her work for the insured business. Accordingly, Century Surety owes the same coverage and defense obligations to Ms. Turk and LaCosta Cosmetic Retreat that it owes to New Beginnings for Women, Inc.

10601 TIERRASANTA BLVD., SUITE 213 • SAN DIEGO, CA 92124
PHONE: (619) 665-9402 • FAX: (619) 245-2464 •
CHRIS@BRIGGSLAWYER.COM • WWW.BRIGGSLAWYER.COM

EXHIBIT  A  PAGE  2 

04/07/08
Page 2

Surety's coverage attorney. In his voicemail message, the coverage attorney stated that a letter would be issued with Century Surety's formal decision.

To date, we have received nothing and heard nothing further from Century Surety. Last Friday (4/4/08) was the deadline for the defense attorney (i.e. the attorney whose services you are obliged to provide as part of Century Surety's duty to defend its insured) to timely file a responsive pleading for your insured. Century Surety has had and attempted no communications whatsoever with its insured as part of its "investigation" of this claim - and now the insured faces risk of default. THIS IS ACTIONABLE BAD FAITH! Apparently, Century Surety is only willing to accept premiums and wrongfully retain its insured's money. Surely, California's Department of Insurance will not share such a one-sided, self-serving view.

Fortunately, I was able to secure an extension from the plaintiffs' attorney, whereby your insured's responsive pleading can be filed by no later than Monday, April 21st. Be advised, the San Diego County Superior Court rules forbid a longer extension without leave of court obtained via good cause shown. Otherwise said, Century Surety needs to appoint defense counsel for the insured ASAP!

Given the current state of affairs, any communications that you wish to have with the Turks must, until further notice, be made directly to me or while I am present to ensure the Turks' best interests. In the meantime and as always, please do not hesitate to contact me directly should you have any questions or concerns regarding these or other matters. Thank you for your time and attention to this matter.

Very truly yours,

Christopher J. Briggs

**EXHIBIT A   PAGE 3**