JOHN E. PEER – State Bar No. 95978
GREGORY B. SCHER - State Bar No. 137228
**WOOLLS & PEER**
A Professional Corporation
One Wilshire Boulevard, 22nd Floor
Los Angeles, California 90017
Telephone:  (213) 629-1600
Facsimile:   (213) 629-1660
*jpeer@woollspeer.com*
*gscher@woollspeer.com*

Attorneys for Plaintiff
CENTURY SURETY COMPANY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation,<br><br>        Plaintiff,<br>  v.<br><br>NEW BEGINNINGS FOR WOMEN, INC., a California corporation,<br><br>        Defendants. | Case No.:  08 CV-691 WQR (POR)<br><br>[Hon. William Q. Hayes]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO JOIN A PARTY FRCP 12(B)(7)**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY COURT**<br><br>Date:      July 7, 2008<br>Time:     11:00 A.M.<br>Ctrm.:    4 |

Plaintiff Century Surety Company ("Century Surety") submits the following opposition to defendant New Beginnings For Women, Inc.'s ("New Beginnings") Motion to Dismiss.  The motion should be denied because Ken Scheiler is defendant's insurance agent and his presence is not required for a fair and just adjudication between Century Surety and New Beginnings.  Instead, if New Beginnings wants to

/ / /

1 join its agent to prosecute some sort of indemnity claim, it may do so by way of third-
2 party complaint.

## I. STATEMENT OF RELEVANT FACTS

Century Surety issued three liability policies to New Beginnings covering the period November 8, 2004 through February 26, 2007. (Complaint, ¶¶ 3-5 & 8.) When applying for insurance with Century Surety, New Beginnings affirmatively represented to Century Surety that it was a "bed and breakfast" inn, was not a medical facility, did not employ medical professionals and did not provide medical services. (Complaint, ¶ 9, Exhibit "B"). Those representations made by New Beginnings on the insurance Applications, were false. New Beginnings operated a recovery facility for individuals who had recently undergone surgery. (Complaint, ¶ 10.) New Beginnings employed Paula Turk, a R.N., who provided care to the guests. (Complaint, ¶ 11.)

Century Surety relied on the truthfulness of New Beginnings' representations on the Applications when issuing each of the Policies. Had Century Surety been aware of the false information provided by New Beginnings on the Applications, it would not have issued the Policies, or would have issued each of the Policies under materially different terms. (Complaint, ¶¶ 12 & 13.)

Upon discovery of the misrepresentation(s), Century Surety rescinded the policies issued to New Beginnings and filed this action to confirm the rescission.

New Beginnings now contends that insurance agent Ken Scheiler misrepresented facts and/or "forged" some documents, thereby rendering Mr. Scheiler and his insurance agency indispensable parties under Federal Rules Civil Procedure, Rule 19 ("Rule 19"). Yet Rule 19 does not apply. Complete relief between the current parties is available without involving Mr. Scheiler or his agency, and Mr. Scheiler has no interest in the litigation. Contrary to New Beginnings' conclusory statements, Mr. Scheiler is New Beginnings' agent, not Century Surety's. So although New Beginnings may have indemnity or other claims against Mr. Scheiler (if

/ / /

1  the facts New Beginnings alleges are true), the absence of a potential indemnitor is *not*
2  a reason for compulsory joinder.

## II.   RULE 19 DOES NOT REQUIRE JOINDER OF NEW <u>BEGINNINGS'</u> <u>AGENT</u>

### A.   SCOPE OF RULE 19

Federal Rules of Civil Procedure Rule 19 (hereinafter "Rule 19") describes the circumstances under which persons must be joined as parties because their presence is needed for "just adjudication."  A plaintiff is required to join "all persons who are materially interested in the subject matter of the case and who are needed for just adjudication." [Adv. Comm. Notes to 1996 Amendment to Fed. Rule of Civ. Proc. 19(a)].  The purpose of the Rule is to be sure that any judgment will provide complete relief to the existing parties and prevent repeat lawsuits on the same subject matter. *Smith v. United Brotherhood of Carpenters* (6th Cir. 1982) 685 F.2d 164.

Thus, a plaintiff is required to join:

- any person whose presence is necessary for complete relief *among those already present* in the litigation [FRCP 19(a)(1)(A)]; or
- any person who claims an interest in the subject matter of the action, which interest may be compromised by the person's absence, or whose absence will expose the existing parties to the risk of inconsistent results [Fed. Rule of Civ. Proc. (a)(1)(B)].

As the focus is on complete relief between those already parties, an absent party who may have an obligation to indemnify an existing party is <u>not</u> a necessary party. *Aetna Ca. & Surety Co. v. Dow Chemical Co*. (E.D. Mich. 1999) 44 F. Supp. 2d 870, 877.  Moreover, no evidence exists that New Beginnings' agent claims any interest in the litigation between the existing parties.  Even if the agent did claim an interest, the interest would need to be "more than a financial stake" and "more than speculation about a future event."  *Makah Indian Tribe v. Verity* (9th Cir. 1990) 910 F.2d 555, 558.

WOOLLS & PEER
A Professional Corporation
One Wilshire Boulevard, 22nd Floor
Los Angeles, California 90017

**B.    ANALYSIS**

Here, the policy documents (attached to the Complaint as Exhibit B) identify the agent in question (Ken Scheiler) as New Beginnings' agent. Moreover, New Beginnings itself appointed Mr. Scheiler as its agent, publishing that fact to Century Surety and its agent, Monarch Insurance Services. (Declaration of Lance Amick, ¶ 3, Ex. 1.)  Because Mr. Scheiler is New Beginnings' agent, his conduct is New Beginnings' responsibility *as a matter of law*, as clearly stated in a recent decision:

> As a matter of law, if an insurance application was prepared by an insurance broker (the agent of the insured), the application's contents are the insured's responsibility… (citations).  [The insured], not its broker, is responsible for the misrepresentations in the application.

*LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.* (2007) 156 Cal. App. 4th 1259, 1268.  Further, it is the custom and practice within the insurance industry that appointment letters, such as Exhibit A to the declaration of Lance Amick, remain in force until specifically revoked.

Thus, the agent's presence is not required to fully adjudicate the issues between the existing parties.  Moreover, the agent's interests are not prejudiced, or at risk because of his absence.  Since New Beginnings is responsible for the agent's conduct as a matter of law, New Beginnings is motivated to and must necessarily defend the agent's conduct/actions to defend itself. *Washington v. Daley* (9th Cir. 1999) 173 F.3d 1158, 1167-1168.

Certainly, if New Beginnings claims it may have an indemnity claim against its agent, it is free to properly join the agent by way of third-party complaint.  But no reason or rule compels joinder at this time.  Indemnity claims don't even arise until the indemnitee incurs a liability for which the indemnitor is liable.  Indemnity claims are commonly made after underlying liability claims are adjudicated for a variety of legitimate reasons rooted in litigation strategy.  That is New Beginnings' decision to

make. Whatever New Beginnings thought process, no compulsion arising from Rule 19 plays a part.

### III. CONCLUSION

For the foregoing reasons, New Beginnings' motion to dismiss should be denied. If New Beginnings wants to join its agent, it may do so by way of third-party complaint.

DATED: June 25, 2008

WOOLLS & PEER
A Professional Corporation

    s/Gregory B. Scher/
GREGORY B. SCHER
Attorneys for Plaintiff
CENTURY SURETY COMPANY