**CHRISTOPHER J. BRIGGS, ATTORNEY AT LAW**
CHRISTOPHER J. BRIGGS, SB #205000
10601 Tierrasanta Blvd., Suite 213
San Diego, CA  92124
(619)665-9402/(619)245-2464
chris@briggslawyer.com

Attorney for Defendant
NEW BEGINNINGS FOR WOMEN, INC.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY, an Ohio corporation<br><br>                    Plaintiff,<br><br>        v.<br><br>NEW BEGINNINGS FOR WOMEN, INC., a California corporation,<br><br>                    Defendants. | CV NO. 08cv691 WQH (POR)<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT, NEW BEGINNINGS FOR WOMEN, INC. PURSUANT TO**<br>**FED. R. CIV. PROC. 12(b)(7)**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Date:         July 7, 2008<br>Time:        11:00 a.m.<br>Courtroom:  4<br>Judge:       Hon. William Q. Hayes |

### I.    INTRODUCTION

Defendant, New Beginnings for Women, Inc. ("New Beginnings") submits this Reply in support of its Motion to Dismiss.

## II.  ARGUMENT

### A.  Procedural Errors of Plaintiff, Century Surety

Plaintiff, Century Surety Company ("Century Surety") committed numerous procedural errors by way of its Opposition to the Motion to Dismiss presently pending before This Honorable Court, which make Plaintiff's Opposition without effect.  Presumably, Plaintiff's procedural deficiencies explain why Plaintiff's initial filing of its Opposition papers was apparently rejected.[1]  On Wednesday, 6/25/08 Century Surety re-submitted its Opposition (Memorandum of Points and Authorities with Supporting Declaration of Amick).  However, Local Rule 7.1e required Century Surety to timely file its Opposition by Monday, 6/23/08 (at least fourteen calendar days before the assigned hearing date of 7/7/08).  Accordingly, Century Surety's Opposition should be treated as time-barred.

In another of Century Surety's procedural errors, Century Surety presumptuously endorsed a due process violation.  Said violation was proffered by way of an improperly submitted Proposed Order.  [In violation of Judge Hayes's Chamber Rules and in violation of mandatory ECF Administrative Policies (at Section 2h of the Electronic Case Filing Administrative Policies and Procedures), Century Surety filed a Proposed Order that had not been requested by the Court.][2]  In the Proposed Order, Century Surety sought a finding on one of the ultimate substantive issues in dispute for the entire declaratory relief action.  Specifically, Century Surety improperly sought the unfounded Order that, "Mr. Scheiler is New Beginnings' agent, and his actions are imputed to New Beginnings as a matter of law."  Such an over-reaching assertion is not only contested and unfounded (to be discussed), but is also clearly unnecessary for the purposes of determining the Motion to Dismiss.  Century Surety's one-sided suggestion that such a finding can be made prior to any parties' ability to even engage in discovery is antithetical to procedural due process requirements.

---

[1] Counsel for Century Surety never advised defense counsel as to why the Opposition papers were re-filed late.  Given the inexplicable re-filing, Moving Defendant is unsure whether the original filing was rejected by the Clerk's Office due to the deficiencies identified in this Reply or for other reasons.

[2] Century Surety committed a further violation by way of the Proposed Order.  The further violation occurred when an additional copy of the Proposed Order was emailed by counsel for Century Surety directly to Judge Hayes's assigned Court email address.  The direct emailing of the Proposed Order by Century Surety was a violation of Judge Hayes's Chamber Rules and a further violation of mandatory ECF procedures (at Section 2h of the Electronic Case Filing Administrative Policies and Procedures).

**B.     The Conclusory Contentions in Century Surety's Opposition are Incorrect**

Any discussion of the merits of Century Surety's contentions must address the persistent withholding and misrepresentation of evidence by Century Surety.  As discussed in New Beginnings' moving papers, the documents upon which Century Surety attempts to rely include apparent forgeries and/or documents that have never been seen by New Beginnings.  In its Complaint,[3] Century Surety attached purported copies of hundreds of pages of documents that had been withheld from New Beginnings notwithstanding New Beginnings' request for such documents at the very outset of the events that underlie this dispute.

Months before the underlying lawsuit was filed in San Diego Superior Court (*Weinberg v. New Beginnings, et al.*)[4], Paula Turk (who performed work for New Beginnings and, along with New Beginnings, is named as a defendant to the *Weinberg* lawsuit) received a Notice of Intent to Sue Letter from the Weinbergs' attorney.  [A copy of the 11/21/07 letter from Attorney Nelson is attached as Exhibit A to the Second Declaration of Christopher J. Briggs, which was filed contemporaneously with this Reply.]  Rightfully (and correctly) concerned that a lawsuit would eventually be filed against New Beginnings, New Beginnings retained the services of undersigned counsel.  In turn, undersigned counsel (on behalf of New Beginnings) promptly contacted Century Surety.

One of the reasons that undersigned counsel was contacting Century Surety was because New Beginnings had never even seen any type of documentation from Century Surety (e.g. – New Beginnings was sans policies and dec. pages).  Accordingly, New Beginnings (by way of undersigned counsel) made a <u>comprehensive</u> request for all materials, including (but not limited to) certified copies of the Century Surety policies.  A copy of the 11/29/07 email from Christopher

---

[3] By way of its Complaint, Century Surety committed another procedural violation.  In violation of Local Rule 5.1e and in violation of mandatory policies instituted as part of the ECF system (at Section 2k of the Electronic Case Filing Administrative Policies and Procedures), Century Surety attached voluminous documents as exhibits to its Complaint without any attempt to number the individual pages of the exhibits.  This convenient failure makes the identification (cross-reference) by New Beginnings (*AND by the Court*) of any specific portion of the voluminous documents (232 pages) very difficult, if not impossible.  [It is interesting that such an oversight occurs with regard to documents that include forgeries and have been withheld from New Beginnings.]  Absurdly, Exhibit A of Plaintiff's Complaint purportedly contained three separate insurance policies with numerous and various schedules, endorsements, and exclusions.  This exhibit alone contained a mish-mash of documents that totaled 203 pages.  [Local Rule 5.1e required the exhibits to be paged in consecutive numeric order with each page showing the exhibit number either immediately above or below the page number.  This rule also required that each document containing exhibits must have a cover page to the exhibits with a Table of Contents indicating the page number of each of the succeeding exhibits.]

[4] Please recall that the *Weinberg* lawsuit (complaint filed in February 2008) pre-dates this dispute, and was the precipitating event for the filing of the declaratory relief action filed by Century Surety (complaint filed on April 16, 2008) that is presently before This Honorable Court.

J. Briggs to Victoria H. Roberts, Esq. (Assistant Vice President & Counsel for Century Insurance Group) is attached as Exhibit B to the Second Declaration of Christopher J. Briggs. Century Surety never provided even one page in response to the aforementioned comprehensive request.[5] Notably, the comprehensive request included a request for, "copies of any and all correspondence (including, but not limited to, all letters, emails or mailed notices of any type) between the insurer and insured, and also any correspondence of any type to-from any agent and/or surplus lines agent." *Id.* The Declaration of Lance Amick (submitted by Century Surety with its Opposition) makes the foregoing request for such correspondence particularly noteworthy.

In Paragraphs 2 and 3 of his Declaration, Mr. Amick identified himself as the Branch Manager for Century Surety's Surplus Lines Insurance Broker (Monarch E&S Insurance Services). For the first time ever, Century Surety (as an exhibit to Mr. Amick's Declaration) produced a copy of a letter purportedly from John Turk (President of New Beginnings). In said letter, Ken Scheiler is alleged to have been designated as New Beginnings' "agent/broker of record". Century Surety's improper withholding of such a document renders it suspect – at best.

It is entirely possible that Messrs. Amick and Scheiler (and/or possibly others) have defrauded New Beginnings and/or misrepresented themselves and their status to one or both of the parties in this action (and/or to others).[6] Century Surety's mishandling of funds (i.e. the funds that it admits were owed to New Beginnings and falsely claimed had been sent to New Beginnings) is instructive. The mishandling of funds concerned a purported cancellation of the Century Surety policy,[7] which was discussed in the Declaration of John Turk (submitted with New Beginnings' moving papers). In his Declaration, Mr. Turk discussed the false claim by Century Surety that it had paid a partial premium refund to New Beginnings pursuant to the purported cancellation.

---

[5] To date, the lawfulness of the refusal of Century Surety to honor this modest request from its insured has not been researched. Quite possibly, Century Surety violated a mandatory duty/duties to produce such information to its insured. In any event, Century Surety certainly cannot justify withholding such materials, and, then (in an incomplete, out-of-context and "cherry picking" fashion) use withheld documents in this proceeding for its exclusive and unfair advantage.

[6] John Turk, the President of New Beginnings stands by his declaration (submitted with New Beginnings' moving papers). In paragraph 2 of his declaration., Mr. Turk attested, "**Per my interactions with and representations made to me by Ken Scheiler, I understood and believed Ken Scheiler and/or Scheiler Insurance Group to be acting as the agent for Century Surety Company vis a vis the purchase and sale of the comprehensive general liability policy for the period 11/08/06 – 11/08/07**." (emphasis added). Century Surety's self-serving conclusory assertions to the contrary (as contained in its opposition) are without moment.

[7] As previously discussed in New Beginnings' moving papers, Century Surety sent a notice of cancellation of its policy to New Beginnings. However, the parties do not dispute that the purported effective date of cancellation was after the events that underlie the *Weinberg* lawsuit (i.e. – it is undisputed that the purported cancellation did not negate coverage for the *Weinberg* lawsuit).

"[Century Surety] incorrectly claimed that five hundred fifty-one dollars and 99 cents ($551.99) of the original premium had been returned when the comprehensive general liability policy from Century Surety Company for the policy period 11/08/06 – 11/08/07 was cancelled. To my knowledge, no such payment was ever made." (Turk Declaration at ¶ 5). Given the fact that Century Surety had no problem sending the notice of cancellation directly to John Turk (the President of New Beginnings), undersigned counsel demanded that Century Surety commence an investigation concerning the missing funds. [Specifically, Century Surety was told to commence an internal investigation to see if anyone at Century Surety was embezzling and/or otherwise improperly diverting funds that were intended for New Beginnings.] Rather than allay any concerns about the role of Century Surety and/or its agents, the results of the long overdue internal investigation only compounded such concerns.

On 6/4/08, counsel for Century Surety sent correspondence concerning the results of the internal investigation. [A copy of the 6/4/08 correspondence from Attorney Scher to undersigned counsel is attached as Exhibit C to the Second Declaration of Christopher J. Briggs.] Inexplicably, Century Surety admits that Monarch Insurance (Mr. Amick's employer) issued a check to Scheiler Insurance (whose status is in dispute, e.g. whether Scheiler is Century Surety's agent/ostensible agent), and that it was cashed. No sound reason for having a check made payable to and issued to Scheiler Insurance exists. If anything, such a process strongly suggests that Mr. Scheiler was and/or ought to be considered Century Surety's agent/ostensible agent. Indeed, the issuing of a check to Mr. Scheiler would only have presented opportunities for needless delay and possible mischief. Way back when the insurance policy was issued and the premium paid, Mr. Scheiler would have earned any and all of his fees and/or commissions. If Century Surety had truly intended to pay New Beginnings a partial refund, it would have mailed a check directly to New Beginnings that was made payable to New Beginnings. It is certainly fair to conclude that Century Surety either intended that New Beginnings not be given such funds, or that it was relying upon its agents/ostensible agents (Monarch Insurance and/or Scheiler Insurance) to complete this action on its behalf.

Century Surety's misplaced reliance upon Mr. Amick's Declaration also misses the point of one of the material considerations at issue in the pending Motion to Dismiss. Century Surety is relying upon apparent forgeries and/or documents that have never been seen by New Beginnings. To now suggest that a document (that was withheld from its insured) can simply be attached to Mr. Amick's Declaration to conclusively establish Mr. Scheiler as New Beginnings' broker is to engage in fantasy. Such an approach ignores the very material facts of the aforementioned acts of forgery and/or use of documents that New Beginnings has never seen. If anything, the attachment of a letter (purportedly from Mr. Turk – yet withheld from him) as an exhibit to Mr. Amick's Declaration, cogently suggests that Mr. Amick should be deposed before any decision can be fairly rendered on the pending Motion to Dismiss.

Century Surety's circular reasoning should be rejected. The only sound way to establish how, when and by whom documents were made (as well as by whom they were truly signed) is for discovery to be taken under oath on such subjects (e.g. – the depositions of Messrs. Scheiler and Amick). Similarly, New Beginnings should be given complete copies of any and all documents in Century Surety's possession (as previously requested). Century Surety gladly took thousands of dollars of paid premiums from New Beginnings, but refuses to turn over documents that were requested long, long ago. Such an action by an insurer in relation to its insured is unacceptable and unfairly prejudicial. If This Honorable Court allows the parties to engage in additional discovery prior to ruling on this Motion, New Beginnings will acquire the ability to subpoena any and all documents from Century Surety. Given the withholding of documents, mischaracterization of evidence, and use of apparent forgeries, such formal and limited discovery is the only true means to ensure that all legitimate evidence gets to be considered – and considered in its true context.

### III.   CONCLUSION

In Century Surety's Memorandum of Points and Authorities submitted with its Opposition, Century Surety provided a "Statement of Relevant Facts". As it is not necessary for the purposes of this Motion, New Beginnings will not herein attempt to reject each and every one of the

incorrect assertions made in the said Statement of Relevant Facts. Suffice it to say that the contents of the Statement of Relevant Facts are very much contested.[8]

      Based on the foregoing, it is respectfully requested that This Honorable Court grant the Motion to Dismiss of Defendant, New Beginnings for Women, Inc. In the alternative, New Beginnings for Women, Inc. requests that This Honorable Court postpone its ruling on the pending Motion, so that the parties may, pursuant to Court Order, pursue limited discovery on the issues in dispute by way of the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7).

                                                   Respectfully submitted,

DATED: 06/27/08                                          _s/ Christopher J. Briggs_____

                                                          **CHRISTOPHER J. BRIGGS**
                                                          Attorney for Defendant,
                                                          NEW BEGINNINGS FOR WOMEN, INC.

---

[8]   For example, Century Surety's "Statement of Relevant Facts" included the incorrect claims that, "Century Surety relied on the truthfulness of New Beginnings' representations. . . Upon discovery of the misrepresentation(s), Century Surety rescinded the policies issued to New Beginnings and filed this action to confirm the rescission." (See page 2 of Century Surety's Memorandum of Points and Authorities in Opposition). Such matters go to the ultimate issues in dispute between the parties. New Beginnings steadfastly maintains that the evidence will clearly show such contrived defenses to be blatantly false. The evidence will show that Century Surety knew the exact nature of New Beginnings' business and business premises for a period of years. The evidence will further show that, in bad faith, Century Surety has made the money-driven, ridiculously untimely and unfounded decision to attempt to rescind the coverage. Century Surety's bogus effort to rescind has been brought about by only one changed circumstance, which is the desire for Century Surety to avoid its mandatory obligations pursuant to the insurance coverage for which it gladly accepted thousands of dollars in premium payments. As discussed, these matters do not need to be decided now. However, New Beginnings felt compelled to partially address such matters given Century Surety's dogmatic use of self-serving conclusory assertions concerning this matter.
    Century Surety's Statement of Facts also preposterously relied upon paragraphs from its Complaint in this action to "establish" such facts. Of course, this action is not even at the stage where the filing of an Answer with Affirmative Defenses is required and/or would otherwise be appropriate. Should this action proceed before This Honorable Court, New Beginnings will most certainly be filing an Answer with Affirmative Defenses. To be sure, the untrue "facts" recited in Century Surety's Complaint will be vehemently denied.