1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  CENTURY SURETY COMPANY, an
    Ohio corporation,                        CASE NO. 08cv691 WQH (POR)
12                                           **ORDER**
                                Plaintiff,
13            vs.
    NEW BEGINNINGS FOR WOMEN,
14  INC., a California corporation,
15                              Defendant.

16  HAYES, Judge:

17          The matter before the Court is the Motion to Dismiss for Failure to Join a Party under

18  Rule 19 (Doc. #3) filed by Defendant New Beginnings for Women, Inc.

19                                   **Background**

20          On April 16, 2008, Plaintiff Century Surety Company, an Ohio corporation, initiated

21  this action by filing the Complaint (Doc. #1) against Defendant New Beginnings for Women,

22  Inc., a California corporation.  The Complaint alleges that Plaintiff issued commercial general

23  liability insurance policies to Defendant for the period from November 8, 2004 until the policy

24  was cancelled effective February 26, 2007.  *Id.*, ¶¶ 3-5, 8.  The Complaint alleges that when

25  Defendant applied for insurance coverage it affirmatively represented in the application that

26  it was a "bed and breakfast" inn, was not a medical facility, did not employ medical

27  professionals and did not provide medical services.  *Id.*, ¶ 9.  The Complaint alleges that these

28  representations made on Defendant's insurance application were false.  The Complaint alleges

that Defendant in fact operated a recovery facility for people who had recently undergone surgery and employed Paula Turk, a registered nurse who provided care to the guests.  *Id.*, ¶¶ 10-11.  The Complaint alleges that Plaintiff relied on the information within the insurance application, and that had Plaintiff known the information in the application was false it would not have issued the polices to Defendant or would have issued the policies on materially different terms.  *Id.*, ¶¶ 12-13.  The Complaint alleges that upon discovery of the misrepresentations on the insurance application, Plaintiff mailed a notice of cancellation to Defendant on January 22, 2007, effective February 26, 2007.  *Id.*, ¶ 14.

The Complaint alleges that from February 21, 2007 through February 25, 2007, a woman by the name of Anita Weinberg stayed at Defendant's facility after undergoing surgery. *Id.*, ¶¶ 15-16.  The Complaint alleges that in February 2008, Weinberg and her husband filed a lawsuit against Defendant alleging that she received negligent and careless observation, medical treatment and care following surgery while a resident at Defendant's facility ("Underlying Action").  *Id.*, ¶ 17.  The Complaint alleges that in March 2008, Defendant tendered the Underlying Action to Plaintiff, requesting a defense and indemnity.  *Id.*, ¶ 18.  In response, Plaintiff initiated the action presently before this Court for rescission and declaratory relief.  Plaintiff seeks rescission of Defendant's insurance policy and a judicial declaration confirming that the policy is extinguished; and a judicial declaration that Defendant's misrepresentations on the insurance application "provide a proper basis for [Plaintiff] to decline [Defendant's] request for a defense and indemnity against the claims asserted in the Underlying Action."  *Id.,* p. 5.

On May 16, 2008, Defendant filed the Motion to Dismiss the Complaint for Failure to Join a Party under Rule 19 of the Federal Rules of Civil Procedure.  The Motion to Dismiss asserts that Ken Scheiler and/or Scheiler Insurance Group ("Scheiler") is a necessary party for just adjudication of the case.  *Mot. to Dismiss,* p. 2.  The Motion to Dismiss asserts that Scheiler was acting as Plaintiff's agent, and "sold and/or purported to sell to [Defendant] a comprehensive general liability policy."  *Id.; see Scheiler Decl.,* ¶ 2.  The Motion to Dismiss asserts that

1
2
3
4

> the purported 'application' documents provided by [Plaintiff] (as Exhibit B to Plaintiff's Complaint) cannot be given credence. Said documents include forgeries and/or documents that have otherwise been improperly withheld and/or misrepresented to [Defendant]. It is unknown whether Ken Scheiler and/or others from (and/or otherwise acting on behalf of) [Plaintiff] forged or attempted to forge the signature of John Turk [President of Defendant corporation].

5
6
7
8
9
10
11
12
13
14
15
16

*Id.*, at 3. The Motion to Dismiss asserts that "[i]f, in this action, [Defendant] is somehow found to have committed some type of wrong against [Plaintiff], such a result and finding could, and likely would, be contrary to other yet-to-be-determined findings on liability . . . and/or issues pertaining to and/or otherwise arising from the precise same set of circumstances." *Id.,* at 4. The Motion to Dismiss asserts that, in light of the foregoing, effective relief cannot be granted without Scheiler participating as a party to this action because Scheiler "is needed for just adjudication," and allowing the action to proceed without joining Scheiler will subject Defendant "to a substantial risk of incurring double, multiple or otherwise inconsistent obligations." *Id.*, at 4. The Motion to Dismiss asserts that Scheiler may be a California resident, such that joining Scheiler would destroy diversity. The Motion to Dismiss asserts that the case must be dismissed because Scheiler is a necessary party, and joinder of Scheiler is not feasible because doing so would destroy diversity.

17
18
19
20
21
22
23

On June 25, 2006 Plaintiff filed the Response in Opposition to the Motion to Dismiss (Doc. #5). The Response states that Defendant incorrectly asserts that Scheiler is Plaintiff's agent. Plaintiff states that as demonstrated in the Exhibit attached to the Complaint, Scheiler is an agent of Defendant. *Response,* p. 2; *Amick Decl.,* ¶ 5. The Response asserts that "although [Defendant] may have indemnity or other claims against [Scheiler] (if the facts [Plaintiff] alleges are true), the absence of a potential indemnitor is not a reason for compulsory joinder." *Response,* p. 2-3.

24
25
26

On June 27, 2008 Defendant filed the Reply to the Response to the Motion to Dismiss. (Doc. #6). Defendant states that "[t]he only sound way to establish how, when and by whom documents were made . . . is for discovery to be taken." *Reply,* p. 6.

27
28

## Applicable Law

Rule 19 describes the circumstances when a person must be joined as a necessary party. Rule 19(a) provides that, if feasible, a person must be joined as a necessary party if in the person's absence, the court cannot accord complete relief among existing parties; or if the person claims an interest in the subject matter of the action and the interest may be compromised by the person's absence, or the person's absence will expose the existing parties to the risk of inconsistent results.  Fed. R. Civ. P. 19(a)(1).  Rule 19(b) provides that when a party is necessary, but joinder is not feasible (for example when joinder would destroy diversity), "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).

The moving party has the burden of establishing that a person must be joined as a necessary party.  *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).  "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application."  *Id.* (citations omitted).

## Ruling of the Court

The parties dispute whether Scheiler was an agent of Plaintiff or Defendant.  In addition to asserting that Scheiler was an agent of Plaintiff, Defendant asserts that Scheiler may have forged signatures on the application documents at issue in this action.  However, aside from Defendant's conclusory assertion that joinder of Scheiler is necessary for just adjudication, Defendant has failed to establish how the relief requested by Plaintiff - rescission of the insurance policy and declaratory relief - cannot be afforded without joining Scheiler. Defendant does not assert that Scheiler claims any interest in the present litigation.  To the extent Plaintiff asserts that Scheiler is a necessary party because either Plaintiff or Defendant may have an indemnity claim against Scheiler, Scheiler may be added to this lawsuit as an agent by way of third-party complaint.  Aside from the conclusory assertion that without the joinder of Scheiler, Defendant "will be subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations," Defendant has failed to establish why, without the joinder of Scheiler, the parties to this action will be exposed to inconsistent results.  The

Court concludes that Defendant has failed to satisfy its burden of establishing that Scheiler is a necessary party under Rule 19 of the Federal Rules of Civil Procedure.  The Court denies the Motion to Dismiss.

IT IS HEREBY ORDERED that the  Motion to Dismiss for Failure to Join a Party under Rule 19 (Doc. #3) is **DENIED.**

DATED:  October 23, 2008

**WILLIAM Q. HAYES**
United States District Judge